## NICASTRO v YOUNGSTOWN MUNICIPAL Ry Co

Ohio Appeals, 7th Dist, Mahoning Co
Decided June 6, 1930

D. F. Rendinell, Youngstown, for Nicastro.
Harrington, DeFord, Huxley & Smith, Youngstown, for Railway Co.

FARR, J.

The plaintiff called in his behalf Henry Ibison, a teacher in the South High School. He testified that he was in the house upon the lawn upon which the truck was driven; that the driver of the bus went into the house to use the telephone and he thought he smelled liquor upon his breath. Mrs. Ethel Ibison testified to the same thing, practically, except that she says the driver of the bus was intoxicated. Dorothy Burns, a girl of thirtten years of age, and residing upon Market Street, says that she was standing on the east side of Market Street at the time of the accident and she saw the Ford truck going up on the lawn. She heard the crash, which was loud, and at page 49 of the Record she says, in describing the collision:

"Well, the bus was coming down the street and the truck was in front of it, of the bus, and there was some obstacle in front of the truck and it had to stop, and the bus didn't slow down quick enough and the bus hit the truck and it went right on the lawn and hit the tree."

This was practically the testimony of the plaintiff in addition to himself, who says that he was driving at a reasonably slow rate of speed and that the bus was following between eight and ten feet behind him, and this truck backed out from the driveway leading to the westward; that he was compelled to stop, and that the bus immediately ran into the back of his truck, with the result stated. In behalf of defendant below Ida Gross was called and testified that she was a passenger on the bus coming down South Market Street; that the Ford truck stopped suddenly and that the bus stopped very suddenly, and that traffic was congested at the time; that the bus was approximately eight or ten feet from the rear of the truck. A. W. Smoots, also a passenger in the bus at the time, practically corroborates what Mrs. Gross says. Phillip Panlone was the operator of the bus and he practically corroborates these statements and says that when he became aware that the truck in front of him had stopped, he immediately applied the brakes and did all that he could to avoid a collison; that he was not or had not been drinking liquor at that time, and this is the state of the testimony upon which this court upon review is asked to reverse on the weight of the evidence. It is clear from the Record that the parties told different stories with reference to the happening of the accident, altho they are not so widely divergent, but the jury having found upon the facts and that the defendant was not negligent in the operation of the bus, this Court could not well say in the light of this testimony, that the conclusion reached by the jury is clearly or manifestly against the weight of the evidence. It was a question whom the jury would believe, and having passed upon the facts, this Court would not now feel free to say that

the conclusion reached is so manifestly against the weight of the evidence as to authorize or warrant a reversal.

Objection is made to defendant's request to charge before argument, at page 168 of the Record, as follows:

"The Court says to you that the law of the state of Ohio provides that drivers of vehicles before turning, stopping or changing their course, shall make sure such movement can be made in safety, and shall cause signals to be made of their intention in a way visible outside the vehicle. The court further says to you that if you find by the greater weight of the evidence that the plaintiff, Frank Nicastro, failed to comply with the statute by making such signals before turning, stopping or changing his course, or making sure such movement could be made in safety, then the plaintiff, Frank Nicastro, is guilty of negligence as a matter of law.

And if you further find by the greater weight of the evidence that such negligence on the part of the plaintiff, Frank Nicastro, contributed directly and proximately to the accident and to the injury and damages herein complained of, then the plaintiff can not recover and your verdict must be for the defendant, the Youngstown Municipal Railway Company."

It will be observed that the trial court charged the statute substantially in its terms, as follows:

"Drivers of vehicles before turning, stopping or changing their course, shall make sure such movement can be made in safety, etc."

The trial court in the instant case should have somewhat elaborated this instruction to the jury, for this reason: Upon the part of the plaintiff below it is the claim that he stopped suddenly and that he remained in that position but a very short time, perhaps a half a minute or less, until the bus struck him. Now, if the theory of the plaintiff was true, that he stopped but a short time, he might not have the opportunity or time enough to give a signal by extending his hand from the window of his car. Therefore, the trial court should have elaborated that proposition to the jury, and upon the other hand it was contended by the defendant below that the bus stopped from a minute to a minute and a half, and there is some testimony to that effect as well as testimony to the effect that the bus stopped for a half a minute or less. If

the theory of the defendant be correct, then Nicastro had opportunity and time enough to extend his hand and give a signal, so the Court should have elaborated those two propositions, or rather more fully explained to the jury the proper application of the statute in question, but having determined that this court can not disturb the verdict on the weight of the evidence, therefore the fact that there was a general verdict for the defendant, and there were no interrogatories submitted to test the mental processes of the jury, and their conclusion being free from error upon one proposition, it does not matter then, even if there be error upon the other proposition, because it will be disregarded.

Of interest in this connection is the case of **Jones v. Erie Railroad Company, 108 Oh St,** beginning on page 410. The opinion is by Marshall, C. J.:

"Assuming that error intervened in submitting one of the defenses to the jury, and keeping in mind that that defense was an affirmative one and therefore not dependent upon or related in the evidence to the issue raised by the general denial, it is urged by defendant in error that it must first be determined by a reviewing court before reversing upon that ground that error intervened in all other defenses; that where a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in defendant's favor, it will be presumed that all issues were so determined; and that, where a single determinative issue has been tried free from error, error in presenting another issue will be disregarded. This view of counsel met with approval in the opinion of the court of appeals and is in entire harmony with several former well considered cases decided by this court. The earliest important case is **Sitesy vs. Haverstick, 23 Oh St 626.** That case has been approved and amplified in the following cases: **Beecher v. Dunlap, 52 Oh St 64; McAllister v. Hartzell, 60 Oh St 69; State ex rel Lattanner v. Hills, 94 Oh St 171.**"

It follows, therefore, that even if there had been error in the submission of this request to charge by the trial court, because there was a general verdict and no interrogatories submitted to test the mental

processes of the jury, and there having been a general verdict, it follows that judgment must be affirmed, and it is so ordered.

Pollock and Roberts, JJ, concur.